1  Daniel K. Klingenberger        #131134
   Jeffrey P. Davis               #166484
2  Mark D. Kruthers               #179750
   **DOWLING, AARON & KEELER, INC.**
3  8080 North Palm Avenue, Third Floor
   P.O. Box 28902
4  Fresno, California 93729-8902
   Tel: (559) 432-4500 / Fax: (559) 432-4590
5  Email: dklingenberger@daklaw.com
          jdavis@daklaw.com
6          mkruthers@daklaw.com

7  Attorneys for Defendants KERN COUNTY ASSOCIATES, L.P.,
   dba GOLDEN WEST CASINO, SCOTT MILLER, RANDY
8  WATKINS and NADAR TAFTY

9

10                  UNITED STATES DISTRICT COURT

11                  EASTERN DISTRICT OF CALIFORNIA

12

13  ALEJANDRO GONZALEZ                  Case No. 1:07-CV-01113-LJO-NEW

14              Plaintiff,              **STIPULATION FOR PROTECTIVE
                                        ORDER; ORDER THEREON**
15  vs.

16  KERN COUNTY ASSOCIATES, L.P., dba
    GOLDEN WEST CASINO, SCOTT
17  MILLER, RANDY WATKINS, NADAR
    TAFTY and DOES 1 through 20, et al.
18
                Defendants.
19

20          Whereas Plaintiff ALEJANDRO GONZALEZ ("Plaintiff") and Defendants

21  KERN COUNTY ASSOCIATES, L.P., dba GOLDEN WEST CASINO, SCOTT MILLER,

22  RANDY WATKINS, NADAR TAFTY (collectively "Defendants") (Plaintiff and Defendants

23  individually a "Party" and collectively the "Parties"), will be required to exchange, and will

24  exchange, certain documents pursuant to the Federal Rules of Civil Procedure, as well as serve

25  interrogatories, notices of depositions and similar discovery requests, the responses to which

26  counsel will reasonably submit may include the disclosure of trade secrets, proprietary data

27  and/or confidential business information and/or any private, confidential or privileged

28  ///



PDF created with pdfFactory trial version www.pdffactory.com

1  information of any current or former employee of Kern County Associates dba Golden West
2  Casino ("Confidential Information" as defined in paragraph 1 herein); and

3        Whereas Plaintiff and Defendants, by and through their counsel, have agreed to
4  produce such information for inspection, copying and use in the present action, subject to the
5  terms and conditions of this Stipulation for Protective Order; Order Thereon ("Protective
6  Order");

7        Subject to the approval of this Court, the Parties hereby stipulate to the following
8  protective order:

9        1.     In connection with this action, the Parties may designate any document,
10  thing, material, testimony or other information derived there from as "Confidential Information"
11  under the terms of this Protective Order.  Confidential information means:

12        Trade secrets, proprietary data, and/or confidential business
          information including a formula, pattern, compilation, program,
13        device, method, technique, or process that:

14        (1)   Derives independent economic value, actual or potential,
          from not being generally known to the public or to other persons
15        who can obtain economic value from its disclosure or use; and

16        (2)   Is the subject of efforts that are reasonable under the
          circumstances to maintain its secrecy.
17

18        Any private, confidential or privileged information of any current or
          former employee of Kern County Associates dba Golden West
19        Casino (including medical records relating to Plaintiff).

20        By designating a document, thing, material, testimony or other information
21  derived there from as "Confidential" under the terms of this Protective Order, the Party making
22  the designation is certifying to the court that there is a good faith basis both in law and in fact for
23  the designation within the meaning of Federal Rule of Civil Procedure 26(g).

24        2.     Confidential documents shall be so designated by stamping copies of the
25  document produced to a Party with the legend "CONFIDENTIAL."   Stamping the legend
26  "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the
27  document as confidential, unless otherwise indicated by the producing Party.

28  ///



PDF created with pdfFactory trial version www.pdffactory.com

3.     Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding.  Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

4.     Material designated as CONFIDENTIAL under this Protective Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

5.     Confidential Material produced pursuant to this Protective Order may be discussed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

a.     a Party, or an officer, director, shareholder, or employee of a Party reasonably deemed necessary by counsel for that party to aid in the prosecution, defense, or settlement of this action;

b.     a Party's liability insurer and its directors, officers, and employees;

c.     experts or consultants (together with their staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

d.     certified shorthand court reporter(s) engaged in this action;

e.     a witness at any deposition or other proceeding in this action so long as the disclosure was agreed to in advance by counsel for each party; and

f.     any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Protective Order.

6.     Depositions shall be taken only in the presence of qualified persons.

///



STIPULATION FOR PROTECTIVE ORDER; ORDER THEREON

PDF created with pdfFactory trial version www.pdffactory.com

7.    The Parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL—ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 2 and 3 above.  Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the Parties (including paralegal, clerical and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 5(b) through (f) above, but shall not be disclosed to a Party, or to an officer, director or employee of a Party, unless otherwise agreed or ordered.  If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this Protective Order with respect to confidentiality shall also apply.

8.    Nothing herein shall impose any restrictions on a party from disclosing its own Confidential Material as it deems appropriate, nor from using or disclosing material that is in the public domain.

9.    If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed in Court, such papers shall be labeled "Confidential – Subject to Court Order" and filed under seal until further order of this Court.

10.    In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the Party using such shall take all reasonable steps to maintain its confidentiality during such use.

11.    This Protective Order shall be without prejudice to the right of the Parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.  This Protective Order shall not be deemed to prejudice the Parties in any way in any future application for modification of this Protective Order.

///



STIPULATION FOR PROTECTIVE ORDER; ORDER THEREON

PDF created with pdfFactory trial version www.pdffactory.com

12.     This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the Parties to this action without involving the Court unnecessarily in the process.  Nothing in this Protective Order nor the production of any information or document under the terms of this Protective Order nor any proceedings pursuant to this Protective Order shall be deemed to have the effect of an admission or waiver by either Party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any Party or the absence thereof.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///



PDF created with pdfFactory trial version www.pdffactory.com

13.     This Protective Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.   Upon the date that is three (3) years after the termination of this case, counsel for the Parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

IT IS SO STIPULATED.


Dated:     October 30, 2008                    ELLEN C. DOVE, ESQ.


/s/Ellen C. Dove_____
Plaintiff ALEJANDRO GONZALEZ

Dated:     November 6, 2008                    DOWLING, AARON & KEELER


/s/Jeffrey P. Davis_____
DANIEL K. KLINGENBERGER
JEFFREY P. DAVIS
MARK D. KRUTHERS


All documents or materials designated as "Confidential" pursuant to this Protective Order, and all papers or documents containing information or materials designated as "Confidential," that are filed with the court for any purposes shall be filed and served under seal pursuant to Local Rule 39-141. **IT IS SO ORDERED**.


Dated: November 12, 2008                    /s/ Gary S. Austin
                                            Gary S. Austin
                                            United States Magistrate Judge



STIPULATED PROTECTIVE ORDER; ORDER THEREON

PDF created with pdfFactory trial version www.pdffactory.com